CAMILA GASKEY, IN PRO PER
30033 Fairview Rd.
Lebanon, OR 97355
(503) 317-7488
Gaskeyvskerry@hotmail.com

FILED

CLERK, U.S. DISTRICT COURT

2/10/25

CENTRAL DISTRICT OF CALIFORNIA

BY_____MRV_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CAMILA GASKEY**, Next Friend on behalf of minor Cian Kerry<br><br>                    Plaintiff,<br><br>    vs.<br><br>**DANIEL KERRY**<br><br>                    Defendant.<br>_____ | Case No.: 2:25-cv-01178-SPG(SKx)<br><br>**MOTION FOR NEXT FRIEND LAWSUIT ON BEHALF OF MINOR CIAN KERRY** |

## I. INTRODUCTION

Plaintiff, Camila Gaskey, respectfully submits this Motion to the Court as Next Friend on behalf of Cian Kerry (age 5 years), a minor child, seeking redress for violations of his constitutional rights, interference with his familial relationships, and systemic judicial misconduct that necessitates federal intervention.

- 1 -
**MOTION FOR NEXT FRIEND LAWSUIT ON BEHALF OF MINOR CIAN KERRY**

Federal courts have jurisdiction over cases where constitutional rights are violated by state actors under **28 U.S.C. § 1331** (federal question jurisdiction) and **28 U.S.C. § 1343** (civil rights violations). This lawsuit arises due to the state court's failure to uphold due process, equal protection, and parental rights, requiring strict constitutional scrutiny and federal review as established in *Troxel v. Granville, 530 U.S. 57 (2000) and Santosky v. Kramer, 455 U.S. 745 (1982)*.

Additionally, **42 U.S.C. § 1983** provides a basis for relief when a state actor, under the color of law, deprives individuals of their constitutional rights. In this case, judicial misconduct and procedural violations resulted in the unjust deprivation of parental rights, necessitating federal review. The Supreme Court has repeatedly held that parental rights are among the most fundamental liberties protected under the Fourteenth Amendment. *In Troxel v. Granville, 530 U.S. 57 (2000)*, the Court affirmed that government interference with parental rights must be subject to strict scrutiny. Furthermore, in **M.L.B. v. S.L.J., 519 U.S. 102 (1996)**, the Court recognized that a parent's ability to retain custody of their child is a right deserving the highest procedural safeguards. These precedents confirm that the state court's failure to uphold due process necessitates federal review.

## II. FACTUAL BACKGROUND & DUE PROCESS VIOLATIONS

### 1. Plaintiff's Role as Primary Caregiver & Court's Abrupt Custody Transfer

- From birth until just before his fourth birthday, Plaintiff was Cian Kerry's primary caregiver, responsible for his daily care, emotional development, and early education.

- Plaintiff also served as Cian's Transitional Kindergarten teacher at Everbrook Academy, ensuring a stable learning environment.

**MOTION FOR NEXT FRIEND LAWSUIT ON BEHALF OF MINOR CIAN KERRY**

- Despite this, the state family court severed Cian's relationship with Plaintiff, granting full custody to Defendant without properly considering the child's best interests.

- This removal disrupted Cian's primary attachment and removed him from the only consistent parent in his life.

### 2. Plaintiff's Advocacy for Parental Rights

- Plaintiff has actively worked to educate and emotionally support children experiencing parental alienation.

- She authored the book *The Connection That Can't Be Erased* to help children cope with family separation.

- Her advocacy underscores her commitment to ensuring children's well-being, including her own child, despite the legal challenges she faces.

### 3. Custody Deprivation & Procedural Due Process Failures

- Plaintiff was the primary caregiver until the court, without clear and convincing evidence, transferred full custody to Defendant, violating ***Santosky v. Kramer*** (requiring high evidentiary standards before parental rights are restricted).

- The state court issued a Domestic Violence Restraining Order (DVRO) without a fair evidentiary hearing, violating ***Stanley v. Illinois, 405 U.S. 645 (1972)***, which guarantees due process before parental custody is removed.

- Plaintiff was denied full rebuttal rights, including the opportunity to present exculpatory evidence and witness testimony, violating procedural fairness under ***Lassiter v. Department of Social Services, 452 U.S. 18 (1981)***.

**MOTION FOR NEXT FRIEND LAWSUIT ON BEHALF OF MINOR CIAN KERRY**

### 4. Systemic Court Bias & Equal Protection Violations

- Labeling Plaintiff as a 'flight risk' without clear evidence constitutes racial and gender discrimination, violating *Palmore v. Sidoti, 466 U.S. 429 (1984)*, which held that custody determinations cannot be based on racial stereotypes."

- The family court's disparate treatment of Plaintiff, compared to Defendant, demonstrates **gender-based discrimination**, violating **Equal Protection under the Fourteenth Amendment**.

- The state court's decision to disregard *California Family Code § 3044,* which presumes that awarding custody to a domestic abuser is not in the child's best interests, directly contradicts established statutory protections. By failing to apply this standard and instead disproportionately scrutinizing Plaintiff without substantial evidence, the court violated **the Equal Protection Clause of the Fourteenth Amendment**. Furthermore, in *Nicholson v. Scoppetta, 344 F.3d 154 (2d Cir. 2003)*, courts recognized that depriving a fit parent of custody without clear and convincing evidence of harm constitutes a violation of constitutional rights.

### 5. Deliberate Exclusion of Exculpatory Evidence

- The court disregarded medical, school, and third-party witness reports proving Plaintiff's fitness as a parent.

- Procedural roadblocks, including court delays and lack of timely hearings, extended the separation between Plaintiff and Cian, violating *Troxel v. Granville*, which affirms a parent's fundamental right to make decisions regarding the care and custody of their child.

### III. CONSTITUTIONAL VIOLATIONS

- 4 -
**MOTION FOR NEXT FRIEND LAWSUIT ON BEHALF OF MINOR CIAN KERRY**

Despite multiple reports from the Plaintiff, the court, under Judge Lisa Washington and Judge Juhas, systematically ignored or dismissed concerns related to Cian Kerry's well-being. Attorney Eugene Cristiano and minors counsel Monica Marroquin failed to advocate for Cian's best interests, dismissing clear evidence of abuse and alienation. Their collective actions demonstrate a pattern of bias that deprived Cian of a fair legal process and violated his constitutional rights, including but not limited to:

- **First Amendment**: The right to family association and freedom from undue influence by the alienating party.

- **Fourth Amendment**: Protection against unreasonable interference with familial relationships by government actors.

- **Fifth Amendment**: Deprivation of parental rights and due process without a fair hearing.

- **Sixth Amendment**: The right to fair representation and the ability to present evidence in court, which has been compromised by judicial bias.

- **Eighth Amendment**: Protection from cruel and unusual punishment, including emotional and psychological abuse permitted by the court's inaction.

- **Tenth Amendment**: The failure of the state court to protect the child's best interests and rights under family law.

- **Fourteenth Amendment**: The violation of due process and equal protection rights, including the failure of the courts to fairly assess custody based on the child's best interests.

## IV. DEPRIVATION OF FAMILY RELATIONSHIP & DUE PROCESS VIOLATIONS

By failing to protect Cian Kerry, the state courts and Daniel Kerry have engaged in the unlawful deprivation of:

**MOTION FOR NEXT FRIEND LAWSUIT ON BEHALF OF MINOR CIAN KERRY**

1. **Parental Relationships** – The forced severance of Cian's relationship with his biological mother – Camila Gaskey without valid justification.

2. **Due Process Violations** – The failure to consider evidence, refusal to allow testimony, and the suppression of reports that could have altered custody outcomes.

3. **Equal Protection Under the Law** – The biased and prejudicial treatment in court proceedings, favoring Daniel Kerry despite overwhelming evidence in favor of protecting the child.

## V. LEGAL BASIS & CASE LAW SUPPORTING FEDERAL INTERVENTION

State interference in family integrity must meet strict constitutional scrutiny. The violations in this case meet the criteria for federal intervention. Several United States Supreme Court and appellate cases establish the constitutional right of parents and children to maintain relationships free from unlawful interference:

A. **Violation of Fundamental Parental Rights**

- *Meyer v. Nebraska, 262 U.S. 390 (1923)* and *Pierce v. Society of Sisters, 268 U.S. 510 (1925)* establish that parental rights are fundamental liberties under the Due Process Clause of the Fourteenth Amendment. The court's arbitrary termination of custody without proper due process violates these precedents.

- *Troxel v. Granville, 530 U.S. 57 (2000)* affirms that parental rights are a fundamental liberty interest protected by the Constitution.

- *Prince v. Massachusetts, 321 U.S. 158 (1944)* reaffirms the importance of parental authority and family unity unless the state has compelling evidence to intervene.

- *Stanley v. Illinois, 405 U.S. 645 (1972)* confirms that due process rights must be observed before interfering with a parent-child relationship.

**MOTION FOR NEXT FRIEND LAWSUIT ON BEHALF OF MINOR CIAN KERRY**

B. **Denial of a Fair Trial & Evidentiary Hearing**

- The denial of an evidentiary hearing effectively barred Plaintiff from challenging hearsay allegations and presenting testimony from credible witnesses, violating due process as outlined in *Goldberg v. Kelly, 397 U.S. 254 (1970)*. The Supreme Court has held that proceedings that deprive an individual of fundamental rights must adhere to principles of fundamental fairness.

- Moreover, in *Mathews v. Eldridge, 424 U.S. 319 (1976)*, the Court set forth a three-factor test for evaluating procedural due process violations, considering (1) the private interest affected, (2) the risk of erroneous deprivation, and (3) the government's interest in maintaining its procedures. Here, the court's failure to provide Plaintiff a fair hearing resulted in an arbitrary and unconstitutional deprivation of her parental rights.

- The refusal to admit exculpatory evidence further contradicts *In re Winship, 397 U.S. 358 (1970)*, which mandates a high burden of proof before fundamental rights are restricted.

- *Santosky v. Kramer, 455 U.S. 745 (1982)* requires clear and convincing evidence before terminating or restricting parental rights, which the state court failed to meet in this case.

- *Gonzalez v. Reno, 212 F.3d 1338 (11th Cir. 2000)* and *Doe v. Heck, 327 F.3d 492 (7th Cir. 2003)* affirm that government interference in parent-child relationships must meet a compelling interest test, which was not satisfied here.

- *Cal. Family Code § 217* mandates the right to present live testimony in family court proceedings. The court's refusal to allow Plaintiff to testify violates this statute.

- *Moore v. City of East Cleveland, 431 U.S. 494 (1977)* recognizes that the right to family unity is a fundamental constitutional right that courts must protect.

**VI. RELIEF REQUESTED**

- 7 -

**MOTION FOR NEXT FRIEND LAWSUIT ON BEHALF OF MINOR CIAN KERRY**

Plaintiff has exhausted all state court remedies, filing multiple motions and requests for reconsideration, all of which have been unjustly denied. The systemic failures of the state court have left Plaintiff with no option but to seek federal intervention to protect the constitutional rights of minor Cian Kerry. Federal review is necessary to correct these injustices and prevent further irreparable harm. For the reasons stated above, Plaintiff respectfully requests that this Court:

1. **Assume jurisdiction** over this matter under **28 U.S.C. § 1331** and **§ 1343**.
2. **Declare** that Plaintiff's and minor child's constitutional rights were violated.
3. **Vacate** the family court's orders due to procedural due process violations.
4. **Restore Plaintiff's parental rights** and grant a move-away order to Oregon.
5. **Issue an injunction** preventing further family court interference in Plaintiff's parental rights.
6. **Mandate an independent review** of the family court's handling of the case.
7. **Award compensatory relief** for financial and emotional damages caused by the unlawful deprivation of parental rights.

## VII. CONCLUSION

Plaintiff seeks declaratory relief affirming that the actions of the state court violated due process and equal protection rights. Plaintiff further requests injunctive relief preventing further enforcement of the unlawful custody order. Additionally, compensatory and punitive damages should be awarded for emotional and financial harm resulting from the unconstitutional deprivation of parental rights. Plaintiff respectfully requests this Court's intervention to rectify these constitutional violations and restore Cian Kerry's relationship with his mother. The state family court has failed in its duty to ensure fair and just proceedings, necessitating immediate federal review.

**MOTION FOR NEXT FRIEND LAWSUIT ON BEHALF OF MINOR CIAN KERRY**

Dated: February 10, 2025

Respectfully submitted,

By: *Camila Gaskey*
CAMILA GASKEY
Next Friend on behalf of minor Cian Kerry
In Pro Per

**MOTION FOR NEXT FRIEND LAWSUIT ON BEHALF OF MINOR CIAN KERRY**